UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAWANA JEAN COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV01403 ERW |
| | ) |
| APARTMENT INVESTMENT AND | ) |
| MANAGEMENT COMPANY, | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Tawana Jean Cooper for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4] Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against Apartment Investment and Management Company (AIMC) for intentional infliction of emotional distress and negligent infliction of emotional distress. The complaint invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of jurisdiction). Plaintiff alleges that she was injured by the defendant's alleged use of a "void rent and possession" judgment entered by a state court to cause her eviction from an apartment. Plaintiff contends the state court judgment is void because the verified complaint supporting the state court's

judgment was improper.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It is clear - both from the complaint and the attached exhibits - that plaintiff was the loser in a state court action which resulted in a judgment awarding both possession and rent to AIMC. Plaintiff now invites this Court to review and reject the state court's judgment. Such a result is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus., 125 S.Ct. 1517, 1521-22 (2005). Federal district courts are courts of original jurisdiction and, by statute, are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court. 28 U.S.C. § 1257.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 11th Day of January, 2006.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**